McCall *v.* Cawthorn.

JOHN McCALL *et al* v. JAS. P. CAWTHORN AND WIFE.

DEED OF TRUST. *Rights of beneficiary to attach rents of property conveyed to secure his debt where trustee has only legal title without possession. Denied.* A trustee holding the legal title to land, under a deed of trust, to secure creditors, but not in possession, has no right to the rents, nor can the same be attached by a secured creditor for the payment of his debt.

Case cited: Henshaw *v.* Wells, 9 Hum., 568.

FROM HENDERSON.

Appeal from the Chancery Court. G. H. NIXON,. Chancellor.

TAYLOR & WOODS for complainants.

TOMLIN & TOMLIN for defendants.

DEADERICK, C. J., delivered the opinion of the court.

In October, 1872, this bill was filed, attaching rents of land conveyed by defendants, Cawthorn and wife, in trust to secure debts due to Carver, Beaver and others. One Cawthorne was by the deed appointed trustee. But the bill alleges that he failed to qualify, etc., and complainant McCall was duly appointed in in his stead upon petition of the creditors named in the deed, Carver and Beaver, the complainants, being two of the petitioning creditors whose debts were included in said trust deed.

The deed was executed in January, 1871, and con-

veyed two tracts of land and some personal property, and stipulates, if the makers should pay the debts enumerated and described by the first day of January, 1873, then said deed was to be void. But if the debts were not then paid, the said trustee was to sell on the premises said real and personal estate, etc.

The deed further stipulates that said Cawthorn, the grantor, retained the power to sell all or any part of said property, by the permission of the trustee, before the expiration of the trust.

Defendants McQuirter and Norfleet were in possession of the land, and the rents due from them were attached, the attachment issued upon the prayer of the bill but without any *fiat* of a judge. It was levied on growing and partly gathered crops of corn and cotton.

McCall in the bill seeks to subject the property attached to the payment of the debts secured in the trust deed *pro rata,* and if this cannot be done, then Carver and Beaver pray that it may be applied to their indebtedness.

Defendants demurred, and set out numerous causes of demurrer.

Upon the cause assigned, that defendant Cawthorn had until January 1, 1873, to pay the debts sued on, the chancellor sustained the demurrer and dismissed the bill as to complainant McCall, the trustee, but overruled all other causes, retaining the bill as to complainants Beaver and Carver, and both parties by leave appealed to this court.

The demurrer raises the question, whether com-

plainants had any right to file the bill to recover the rents of the land.

Upon the footing of the conveyance in trust of the land they had no right to the rents of the land, the trustee not having possession thereof.

The purpose of the deed to the trustee, as it recites, was to enable the trustee to sell at a specified time, January, 1873, if the debts were not paid; and the creditors having claimed the benefit of the provisions of said deed in their favor, assent to its provisions that the debtors shall have until the 1st of January, 1873, to pay the debts secured, but they acquired no rights to the, rents.

The case cited in 9 Hum., 568, was a bill filed to foreclose a mortgage, and it was held in that case upon a bill filed for such purpose, that a receiver to collect the rents might be appointed, as all the parties in interest were before the court. But the doctrine that the mortgagee must recover the possession of the land before he can claim the rents was recognized as the rule law of governing other cases. *Id.*, 582–3.

In this case the bill does not seek a foreclosure, or claim the right of possession, but predicates the claim to the rents upon the conveyance of the legal title to the land for purposes of sale. The demurrer therefore should have been sustained.

The decree of the chancellor overruling the demurrer will be reversed, and the demurrer will be sustained and the bill dismissed.